**Richard M. Weaver & Associates**
5601 Airport Freeway
Fort Worth, TX 76117

Bar Number: 21010820
Phone: (817) 222-1108

# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | | |
|---|---|---|---|
| In re: **Ranjit Kaur** | xxx-xx-6391 | § | Case No: **20-40479** |
| 1511 Evelyne Court | | § | Date: **2/11/2020** |
| Wylie, TX 75098 | | § | |
| | | § | Chapter 13 |
| | | § | |

Debtor(s)

### DEBTOR'S(S') CHAPTER 13 PLAN
### (CONTAINING A MOTION FOR VALUATION)

#### DISCLOSURES

☑ This *Plan* does not contain any *Nonstandard Provisions.*

☐ This *Plan* contains *Nonstandard Provisions* listed in Section III.

☐ This *Plan* does not limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

☑ This *Plan* does limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

This *Plan* does not avoid a security interest or lien.

Language in italicized type in this *Plan* shall be as defined in the "General Order 2017-01, Standing Order Concerning Chapter 13 Cases" and as it may be superseded or amended ("General Order"). All provisions of the General Order shall apply to this *Plan* as if fully set out herein.

| | | | |
|---|---|---|---|
| Plan Payment: **$4,550.00** | | Value of Non-exempt property per § 1325(a)(4): | **$800.00** |
| Plan Term: **60 months** | | Monthly Disposable Income per § 1325(b)(2): | **$0.00** |
| Plan Base: **$273,000.00** | | Monthly Disposable Income x ACP ("UCP"): | **$0.00** |
| Applicable Commitment Period: **36 months** | | | |

Case No: 20-40479
Debtor(s): **Ranjit Kaur**

---

**MOTION FOR VALUATION**

Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims who do not accept the *Plan, Debtor(s)* hereby move(s) the Court to value the *Collateral* described in Section I, Part E.(1) and Part F of the *Plan* at the lesser of the value set forth therein or any value claimed on the proof of claim. Any objection to valuation shall be filed at least seven (7) days prior to the date of the *Trustee's* pre-hearing conference regarding Confirmation or shall be deemed waived.

**SECTION I**
**DEBTOR'S(S') CHAPTER 13 PLAN - SPECIFIC PROVISIONS**
**FORM REVISED 7/1/17**

A. **PLAN PAYMENTS:**

*Debtor(s)* propose(s) to pay to the *Trustee* the sum of:

__$4,550.00__ per month, months __1__ to __60__ .

For a total of __$273,000.00__ (estimated "*Base Amount*").

First payment is due __3/2/2020__ .

The applicable commitment period ("ACP") is __36__ months.

Monthly Disposable Income ("DI") calculated by *Debtor(s)* per § 1325(b)(2) is: __$0.00__ .

The Unsecured Creditors' Pool ("UCP"), which is DI x ACP, as estimated by the Debtor(s), shall be no less than:
__$0.00__ .

*Debtor's(s')* equity in non-exempt property, as estimated by *Debtor(s)* per § 1325(a)(4), shall be no less than:
__$800.00__ .

B. **STATUTORY, ADMINISTRATIVE AND DSO CLAIMS:**

1. **CLERK'S FILING FEE:** Total filing fees paid through the *Plan*, if any, are __$0.00__ and shall be paid in full prior to disbursements to any other creditor.

2. **STATUTORY TRUSTEE'S PERCENTAGE FEE(S) AND NOTICING FEES:** *Trustee's Percentage Fee(s)* and any noticing fees shall be paid first out of each receipt as provided in General Order 2017-01 (as it may be superseded or amended) and 28 U.S.C. § 586(e)(1) and (2).

3. **DOMESTIC SUPPORT OBLIGATIONS:** The *Debtor* is responsible for paying any Post-petition Domestic Support Obligation directly to the DSO claimant. Pre-petition Domestic Support Obligations per Schedule "E/F" shall be paid in the following monthly payments:

| DSO CLAIMANTS | SCHED. AMOUNT | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT $__ PER MO. |
|---|---|---|---|---|
| | | | | |

C. **ATTORNEY FEES:** To __Richard M. Weaver & Associates__ , total: __$3,700.00__ ;
__$1,549.99__ Pre-petition; __$2,150.01__ disbursed by the *Trustee*.

Case No: 20-40479
Debtor(s): **Ranjit Kaur**

---

**D.(1) PRE-PETITION MORTGAGE ARREARAGE:**

| MORTGAGEE | SCHED. ARR. AMT | DATE ARR. THROUGH | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
| **Wells Fargo Bank NA** Homestead | **$59,998.32** | **2/1/19-2/1/20** | **0.00%** | **Month(s) 1-59** | **Pro-Rata** |

**D.(2) CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY THE TRUSTEE IN A CONDUIT CASE:**

| MORTGAGEE | # OF PAYMENTS PAID BY TRUSTEE | CURRENT POST-PETITION MORTGAGE PAYMENT AMOUNT | FIRST CONDUIT PAYMENT DUE DATE (MM-DD-YY) |
|---|---|---|---|
| **Wells Fargo Bank NA** Homestead | **59 month(s)** | **$2,922.99** | **5/1/2020** |

**D.(3) POST-PETITION MORTGAGE ARREARAGE:**

| MORTGAGEE | TOTAL AMT. | DUE DATE(S) (MM-DD-YY) | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
| **Wells Fargo Bank NA** Homestead | **$5,845.98** | **3/1/20-4/1/20** | **0.00%** | **Month(s) 1-59** | **Pro-Rata** |

**E.(1) SECURED CREDITORS - PAID BY THE TRUSTEE:**

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|---|
| | | | | | |

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | | TREATMENT Pro-rata |
|---|---|---|---|---|---|
| **Conns HomePlus** Household Goods | **$800.00** | **$400.00** | **0.00%** | | **Pro-Rata** |
| **Nebraska Furniture Mart** Household Goods | **$5,055.00** | **$3,500.00** | **0.00%** | | **Pro-Rata** |

To the extent the value amount in E.(1) is less than the scheduled amount in E.(1), the creditor may object.  In the event a creditor objects to the treatment proposed in paragraph E.(1), the *Debtor(s)* retain(s) the right to surrender the *Collateral* to the creditor in satisfaction of the creditor's claim.

**E.(2) SECURED 1325(a)(9) CLAIMS PAID BY THE TRUSTEE - NO CRAM DOWN:**

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|
| | | | | |

Case No:  20-40479
Debtor(s):  **Ranjit Kaur**

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | | TREATMENT Pro-rata |
|---|---|---|---|---|
| | | | | |

The valuation of *Collateral* set out in E.(1) and the interest rate to be paid on the above scheduled claims in E.(1) and E.(2) will be finally determined at confirmation.  The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

Absent any objection to the treatment described in E.(1) or E.(2), the creditor(s) listed in E.(1) and E.(2) shall be deemed to have accepted the *Plan* per section 1325(a)(5)(A) of the Bankruptcy Code and to have waived its or their rights under section 1325(a)(5)(B) and (C) of the Bankruptcy Code.

**F.  SECURED CREDITORS - COLLATERAL TO BE SURRENDERED:**

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | TREATMENT |
|---|---|---|---|
| | | | |

Upon confirmation, pursuant to 11 U.S.C. § 1322(b)(8), the surrender of the *Collateral* described herein will provide for the payment of all or part of a claim against the *Debtor(s)* in the amount of the value given herein.

The valuation of *Collateral* in F will be finally determined at confirmation.  The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

The *Debtor(s)* request(s) that the automatic stay be terminated as to the surrendered *Collateral*.  If there is no objection to the surrender, the automatic stay shall terminate and the *Trustee* shall cease disbursements on any secured claim which is secured by the *Surrendered Collateral*, without further order of the Court, on the 7th day after the date the *Plan* is filed.  However, the stay shall not be terminated if the *Trustee* or affected secured lender files an objection in compliance with paragraph 8 of the General Order until such objection is resolved.

Nothing in this *Plan* shall be deemed to abrogate any applicable non-bankruptcy statutory or contractual rights of the *Debtor(s)*.

**G.  SECURED CREDITORS - PAID DIRECT BY DEBTOR:**

| CREDITOR | COLLATERAL | SCHED. AMT. |
|---|---|---|
| | | |

**H.  PRIORITY CREDITORS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:**

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
| | | | |

**I.  SPECIAL CLASS:**

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
| | | | |

JUSTIFICATION:  _____

**J.  UNSECURED CREDITORS:**

| CREDITOR | SCHED. AMT. | COMMENT |
|---|---|---|
| Americollect | $50.00 | |
| Amex | $6,665.00 | |
| Amex/Bankruptcy | $3,071.00 | |
| Capital One | $376.00 | |
| Chase Auto Finance | $7,609.00 | |

Case No:   20-40479
Debtor(s):   **Ranjit Kaur**

| | | |
|---|---|---|
| **Chase Card Services** | **$4,634.00** | |
| **Citibank/The Home Depot** | **$810.00** | |
| **Conns HomePlus** | **$400.00** | **Unsecured portion of the secured debt (Bifurcated)** |
| **Credit First National Association** | **$1,604.00** | |
| **Credit Management Control** | **$350.00** | |
| **Deptartment Store National Bank/Macy's** | **$628.00** | |
| **Deptartment Store National Bank/Macy's** | **$1,048.00** | |
| **Deptartment Store National Bank/Macy's** | **$719.00** | |
| **Discover Financial** | **$3,435.00** | |
| **Discover Financial** | **$987.00** | |
| **Kohls/Capital One** | **$1,053.00** | |
| **Midland Funding** | **$3,916.00** | |
| **Midland Funding** | **$908.00** | |
| **Midland Funding** | **$601.00** | |
| **Nebraska Furniture Mart** | **$1,555.00** | **Unsecured portion of the secured debt (Bifurcated)** |
| **Portfolio Recovery** | **$1,853.00** | |
| **Portfolio Recovery** | **$1,391.00** | |
| **Remex Inc** | **$415.00** | |
| **Synchrony Bank/ JC Penneys** | **$76.00** | |
| **Texas Dow Employees Credit Union** | **$4,205.00** | |
| TOTAL SCHEDULED UNSECURED: | **$48,359.00** | |

The *Debtor's(s')* estimated (but not guaranteed) payout to unsecured creditors based on the scheduled amount is _____ **3%** ____.

General unsecured claims will not receive any payment until after the order approving the TRCC becomes final.

**K.**   **EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**

| § 365 PARTY | ASSUME/REJECT | CURE AMOUNT | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|
| | | | | |

**SECTION II**
**DEBTOR'S(S') CHAPTER 13 PLAN - GENERAL PROVISIONS**
**FORM REVISED 7/1/17**

**A.**   **SUBMISSION OF DISPOSABLE INCOME:**

*Debtor(s)* hereby submit(s) future earnings or other future income to the *Trustee* to pay the *Base Amount.*

**B.**   **ADMINISTRATIVE EXPENSES, DSO CLAIMS & PAYMENT OF TRUSTEE'S STATUTORY PERCENTAGE FEE(S) AND NOTICING FEES:**

The Statutory Percentage Fees of the *Trustee* shall be paid in full pursuant to 11 U.S.C. §§ 105(a), 1326(b)(2), and 28 U.S.C. § 586(e)(1)(B).  The *Trustee* is authorized to charge and collect Noticing Fees as indicated in Section I, Part "B" hereof.

**C.**   **ATTORNEY FEES:**

*Debtor's(s')* Attorney Fees totaling the amount indicated in Section I, Part C, shall be disbursed by the *Trustee* in the amount shown as "Disbursed By The Trustee" pursuant to this *Plan* and the ***Debtor's(s')*** Authorization for Adequate Protection Disbursements ("*AAPD*"), if filed.

Case No: 20-40479
Debtor(s): **Ranjit Kaur**

---

#### D.(1) PRE-PETITION MORTGAGE ARREARAGE:

The Pre-Petition *Mortgage Arrearage* shall be paid by the *Trustee* in the allowed pre-petition arrearage amount and at the rate of interest indicated in Section I, Part D.(1). To the extent interest is provided, it will be calculated from the date of the Petition. The principal balance owing upon confirmation of the *Plan* on the allowed pre-petition *Mortgage Arrearage* amount shall be reduced by the total adequate protection less any interest (if applicable) paid to the creditor by the *Trustee*. Such creditors shall retain their liens.

#### D.(2) CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY TRUSTEE IN A CONDUIT CASE:

*Current Post-Petition Mortgage Payment(s)* shall be paid by the *Trustee* as indicated in Section I, Part D.(2), or as otherwise provided in the General Order.

The *Current Post-Petition Mortgage Payment(s)* indicated in Section I, Part D.(2) reflects what the *Debtor(s)* believe(s) is/are the periodic payment amounts owed to the *Mortgage Lender* as of the date of the filing of this *Plan*. Adjustment of the *Plan Payment* and *Base Amount* shall be calculated as set out in the General Order, paragraph 15(c)(3).

Payments received by the *Trustee* for payment of the *Debtor's Current Post-Petition Mortgage Payment(s)* shall be deemed adequate protection to the creditor.

Upon completion of the *Plan, Debtor(s)* shall resume making the *Current Post-Petition Mortgage Payments* required by their contract on the due date following the date specified in the *Trustee's* records as the date through which the *Trustee* made the last *Current Post-Petition Mortgage Payment*.

Unless otherwise ordered by the Court, and subject to Bankruptcy Rule 3002.1(f)-(h), if a *Conduit Debtor* is current on his/her *Plan Payments* or the payment(s) due pursuant to any wage directive, the *Mortgage Lender* shall be deemed current post-petition.

#### D.(3) POST-PETITION MORTGAGE ARREARAGE:

The *Post-Petition Mortgage Arrearage* shall be paid by the *Trustee* in the allowed amount and at the rate of interest indicated in Section I, Part D.(3). To the extent interest is provided, it will be calculated from the date of the Petition.

*Mortgage Lenders* shall retain their liens.

#### E.(1)    SECURED CLAIMS TO BE PAID BY TRUSTEE:

The claims listed in Section I, Part E.(1) shall be paid by the *Trustee* as secured to the extent of the lesser of the allowed claim amount (per a timely filed Proof of Claim not objected to by a party in interest) or the value of the *Collateral* as stated in the *Plan*. Any amount claimed in excess of the value shall automatically be split and treated as unsecured as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a). Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(1) as set out in 11 U.S.C. § 1325(a)(5)(B)(l) and shall receive interest at the rate indicated from the date of confirmation or, if the value shown is greater than the allowed claim amount, from the date of the Petition, up to the amount by which the claim is over-secured. The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments less any interest (if applicable) paid to the creditor by the *Trustee*.

#### E.(2)    SECURED 1325(a)(9) CLAIMS TO BE PAID BY THE TRUSTEE--NO CRAM DOWN:

Claims in Section I, Part E.(2) are either debts incurred within 910 days of the *Petition Date* secured by a purchase money security interest in a motor vehicle acquired for the personal use of the *Debtor(s)* or debts incurred within one year of the *Petition Date* secured by any other thing of value.

The claims listed in Section I, Part E.(2) shall be paid by the *Trustee* as fully secured to the extent of the allowed amount (per a timely filed Proof of Claim not objected to by a party in interest). Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(2) until the earlier of the payment of the underlying debt determined under non-bankruptcy law or a discharge under § 1328 and shall receive interest at the rate indicated from the date of confirmation. The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments paid to the creditor by the *Trustee*.

To the extent a secured claim not provided for in Section I, Part D, E.(1) or E.(2) is allowed by the Court, *Debtor(s)* will pay the claim direct per the contract or statute.

Each secured claim shall constitute a separate class.

Case No: 20-40479
Debtor(s): **Ranjit Kaur**

---

**F.  SATISFACTION OF CLAIM BY SURRENDER OF COLLATERAL:**

The claims listed in Section I, Part F shall be satisfied as secured to the extent of the value of the *Collateral*, as stated in the *Plan*, by surrender of the *Collateral* by the *Debtor(s)* on or before confirmation.  Any amount claimed in excess of the value of the *Collateral*, to the extent it is allowed, shall be automatically split and treated as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a).

Each secured claim shall constitute a separate class.

**G.  DIRECT PAYMENTS BY DEBTOR(S):**

Payments on all secured claims listed in Section I, Part G shall be disbursed by the *Debtor(s)* to the claimant in accordance with the terms of their agreement or any applicable statute, unless otherwise provided in Section III, "Nonstandard Provisions."

No direct payment to the IRS from future income or earnings in accordance with 11 U.S.C. § 1322(a)(1) will be permitted.

Each secured claim shall constitute a separate class.

**H.  PRIORITY CLAIMS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:**

Failure to object to confirmation of this *Plan* shall not be deemed acceptance of the "SCHED. AMT." shown in Section I, Part H. The claims listed in Section I, Part H shall be paid their allowed amount by the *Trustee*, in full, pro-rata, as priority claims, without interest.

**I.  CLASSIFIED UNSECURED CLAIMS:**

Classified unsecured claims shall be treated as allowed by the Court.

**J.  GENERAL UNSECURED CLAIMS TIMELY FILED:**

All other allowed claims not otherwise provided for herein shall be designated general unsecured claims.

**K.  EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**

As provided in § 1322(b)(7) of the Bankruptcy Code, the *Debtor(s)* assume(s) or reject(s) the executory contracts or unexpired leases with parties as indicated in Section I, Part K.

Assumed lease and executory contract arrearage amounts shall be disbursed by the *Trustee* as indicated in Section I, Part K.

**L.  CLAIMS TO BE PAID:**

"TERM (APPROXIMATE)" as used in this *Plan* states the estimated number of months from the *Petition Date* required to fully pay the allowed claim.  If adequate protection payments have been authorized and made, they will be applied to principal as to both under-secured and fully secured claims and allocated between interest and principal as to over-secured claims.  Payment pursuant to this *Plan* will only be made on statutory, secured, administrative, priority and unsecured claims that are allowed or, pre-confirmation, that the *Debtor(s)* has/have authorized in a filed Authorization for Adequate Protection Disbursements.

**M.  ADDITIONAL PLAN PROVISIONS:**

Any additional *Plan* provisions shall be set out in Section III, "Nonstandard Provisions."

**N.  POST-PETITION NON-ESCROWED AD VALOREM (PROPERTY) TAXES AND INSURANCE:**

Whether the *Debtor* is a *Conduit Debtor* or not, if the regular payment made by the *Debtor* to a *Mortgage Lender* or any other lienholder secured by real property does not include an escrow for the payment of ad valorem (property) taxes or insurance, the *Debtor* is responsible for the timely payment of post-petition taxes directly to the tax assessor and is responsible for maintaining property insurance as required by the mortgage security agreement, paying all premiums as they become due directly to the insurer.  If the *Debtor* fails to make these payments, the mortgage holder may, but is not required to, pay the taxes and/or the insurance.  If the mortgage holder pays the taxes and/or insurance, the mortgage holder may file, as appropriate, a motion for reimbursement of the amount paid as an administrative claim or a *Notice of Payment Change by Mortgage Lender* or a *Notice of Fees, Expenses, and Charges.*

**O.  CLAIMS NOT FILED:**

A claim not filed with the Court will not be paid by the *Trustee* post-confirmation regardless of its treatment in Section I or on the *AAPD.*

Case No: 20-40479
Debtor(s): **Ranjit Kaur**

---

**P.  CLAIMS FOR PRE-PETITION NON-PECUNIARY PENALTIES, FINES, FORFEITURES, MULTIPLE, EXEMPLARY OR PUNITIVE DAMAGES:**

Any unsecured claim for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims, shall be paid only a pro-rata share of any funds remaining after all other unsecured claims, including late filed claims, have been paid in full.

**Q.  CLAIMS FOR POST-PETITION PENALTIES AND INTEREST:**

No interest, penalty, or additional charge shall be allowed on any pre-petition claims subsequent to the filing of the petition, unless expressly provided herein.

**R.  BUSINESS CASE OPERATING REPORTS:**

Upon the filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report, business *Debtors* are no longer required to file operating reports with the *Trustee*, unless the *Trustee* requests otherwise.  The filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report shall terminate the *Trustee's* duties but not the *Trustee's* right to investigate or monitor the *Debtor's(s')* business affairs, assets or liabilities.

**S.  NO TRUSTEE'S LIABILITY FOR DEBTOR'S POST-CONFIRMATION OPERATION AND BAR DATE FOR CLAIMS FOR PRE-CONFIRMATION OPERATIONS:**

The *Trustee* shall not be liable for any claim arising from the post-confirmation operation of the *Debtor's(s')* business.  Any claims against the *Trustee* arising from the pre-confirmation operation of the *Debtor's(s')* business must be filed with the Bankruptcy Court within sixty (60) days after entry by the Bankruptcy Court of the Order of Confirmation or be barred.

**T.  DISPOSAL OF DEBTOR'S NON-EXEMPT PROPERTY; RE-VESTING OF PROPERTY; NON-LIABILITY OF TRUSTEE FOR PROPERTY IN POSSESSION OF DEBTOR WHERE DEBTOR HAS EXCLUSIVE RIGHT TO USE, SELL, OR LEASE IT; AND TRUSTEE PAYMENTS UPON POST CONFIRMATION CONVERSION OR DISMISSAL:**

*Debtor(s)* shall not dispose of or encumber any non-exempt property or release or settle any lawsuit or claim by *Debtor(s)*, prior to discharge, without consent of the *Trustee* or order of the Court after notice to the *Trustee* and all creditors.

Property of the estate shall not vest in the *Debtor* until such time as a discharge is granted or the *Case* is dismissed or closed without discharge.  Vesting shall be subject to all liens and encumbrances in existence when the *Case* was filed and all valid post-petition liens, except those liens avoided by court order or extinguished by operation of law.  In the event the *Case* is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law.  After confirmation of the *Plan*, the *Trustee* shall have no further authority, fiduciary duty or liability regarding the use, sale, insurance of or refinance of property of the estate except to respond to any motion for the proposed use, sale, or refinance of such property as required by the applicable laws and/or rules.  Prior to any discharge or dismissal, the *Debtor(s)* must seek approval of the court to purchase, sell, or refinance real property.

Upon dismissal of the *Case* post confirmation, the *Trustee* shall disburse all funds on hand in accordance with this *Plan*.  Upon conversion of the *Case*, any balance on hand will be disbursed by the *Trustee* in accordance with applicable law.

**U.  ORDER OF PAYMENT:**

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 *Trustee* after the entry of an order confirming the Chapter 13 Plan, whether pursuant to this *Plan* or a modification thereof, will be paid in the order set out below, to the extent a creditor's claim is allowed or the disbursement is otherwise authorized.  Each numbered paragraph below is a level of payment.  All disbursements which are in a specified monthly amount are referred to as "per mo."  At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on a per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment.  If multiple claimants are scheduled to receive per mo payments within the same level of payment and there are insufficient funds to make those payments in full, available funds will be disbursed to the claimants within that level on a pro-rata basis.  Claimants with a higher level of payment which are designated as receiving pro-rata payments shall be paid, in full, before any disbursements are made to any claimant with a lower level of payment.

Case No:   20-40479
Debtor(s):   **Ranjit Kaur**

---

1st -- Clerk's Filing Fee and Trustee's Percentage Fee(s) and Noticing Fees in B.(1) and B.(2) and per statutory provisions will be paid in full.

2nd -- Current Post-Petition Mortgage Payments (Conduit) in D.(2) and as adjusted according to the General Order, which must be designated to be paid per mo.

3rd -- Creditors listed in E.(1)(A) and E.(2)(A), which must be designated to be paid per mo, and Domestic Support Obligations ("DSO") in B.(3), which must be designated to be paid per mo.

4th -- Attorney Fees in C, which must be designated to be paid pro-rata.

5th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid per mo.

6th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid pro-rata.

7th -- Arrearages owed on Executory Contracts and Unexpired Leases in K, which must be designated to be paid per mo.

8th -- Any Creditors listed in D.(1), if designated to be paid per mo.

9th -- Any Creditors listed in D.(1), if designated to be paid pro-rata and/or Creditors listed in E.(1)(B) or E.(2)(B), which must be designated to be paid pro-rata.

10th -- All amounts allowed pursuant to a *Notice of Fees, Expenses and Charges*, which will be paid pro-rata.

11th -- Priority Creditors Other than Domestic Support Obligations ("Priority Creditors") in H, which must be designated to be paid pro-rata.

12th -- Special Class in I, which must be designated to be paid per mo.

13th -- Unsecured Creditors in J, other than late filed or penalty claims, which must be designated to be paid pro-rata.

14th -- Late filed claims by Secured Creditors in D.(1), D.(2), D.(3), E.(1) and E.(2), which must be designated to be paid pro-rata, unless other treatment is authorized by the Court.

15th -- Late filed claims for DSO or filed by Priority Creditors in B.(3) and H, which must be designated to be paid pro-rata.

16th -- Late filed claims by Unsecured Creditors in J, which must be designated to be paid pro-rata.

17th -- Unsecured claims for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims. These claims must be designated to be paid pro-rata.

### V.   POST-PETITION CLAIMS:

Claims filed under § 1305 of the Bankruptcy Code shall be paid as allowed. To the extent necessary, *Debtor(s)* will modify this *Plan*.

### W.   TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS ("TRCC") PROCEDURE:

See the provisions of the General Order regarding this procedure.

Case No: 20-40479
Debtor(s): **Ranjit Kaur**

---

### SECTION III
### NONSTANDARD PROVISIONS

The following nonstandard provisions, if any, constitute terms of this *Plan*. Any nonstandard provision placed elsewhere in the *Plan* is void.

**None.**

I, the undersigned, hereby certify that the *Plan* contains no nonstandard provisions other than those set out in this final paragraph.

**/s/ Richard Weaver**
_____        _____
Richard Weaver, Debtor's(s') Attorney                  Debtor (if unrepresented by an attorney)

Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) is respectfully submitted.

**/s/ Richard Weaver**                                         **21010820**
_____        _____
Richard Weaver, Debtor's(s') Counsel                  State Bar Number

**/s/ Ranjit Kaur**
_____
Ranjit Kaur, Debtor

Case No:  20-40479
Debtor(s):  **Ranjit Kaur**

---

### **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that the foregoing Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) was served on the following entities either by Electronic Service or by First Class Mail, Postage Pre-paid on the **11th day of February, 2020**:

(List each party served, specifying the name and address of each party)

Dated: **February 11, 2020**          **/s/ Richard Weaver**
                                       Richard Weaver, Debtor's(s') Counsel

| | | |
|---|---|---|
| Americollect<br>xxxx5725<br>PO Box 1566<br>1851 South Alverno Road<br>Manitowoc, WI 54221 | Chase Auto Finance<br>xxxxxxxxxx1506<br>Attn: Bankruptcy<br>PO Box 901076<br>Fort Worth, TX 76101 | Conns HomePlus<br>xxxxx7036<br>Attn: Bankruptcy<br>2445 Technology Forest Blvd, Bldg 4, Ste<br>The Woodlands, TX 77381 |
| Amex<br>xxxxxxxxxxxx4293<br>Correspondence/Bankruptcy<br>PO Box 981540<br>El Paso, TX 79998 | Chase Card Services<br>xxxxxxxxxxxx9700<br>Attn: Bankruptcy<br>PO Box 15298<br>Wilmington, DE 19850 | Credit First National Association<br>xxxxx5744<br>Attn: Bankruptcy<br>PO Box 81315<br>Cleveland, OH 44181 |
| Amex/Bankruptcy<br>xxxxxxxxxxxx8339<br>Correspondence/Bankruptcy<br>PO Box 981540<br>El Paso, TX 79998 | Citibank/The Home Depot<br>xxxxxxxxxxxx9135<br>Citicorp Credit Srvs/Centralized Bk dept<br>PO Box 790034<br>St Louis, MO 63179 | Credit Management Control<br>xxxx0255<br>Attn: Bankruptcy<br>PO Box 1654<br>Green Bay, WI 54305 |
| Attorney General of Texas<br>Bankruptcy Section<br>400 S Zang Blvd Ste 500<br>Dallas, TX  75208-6640 | City of Wylie<br>Linebarger Goggan Blair & Sampson<br>2777 N Stemmons Frwy Ste 1000<br>Dallas, TX 75207 | Deptartment Store National Bank/Macy's<br>xxxxxxxxx3720<br>Attn: Bankruptcy<br>9111 Duke Boulevard<br>Mason, OH 45040 |
| Barrett Daffin Frappier Turner & Engle L<br>4004 Belt Line Rd Suite 100<br>Addison, TX 75001 | Collin County Tax Assessor<br>1700 Bedbud Blvd Ste 300<br>McKinney, TX 75069 | Deptartment Store National Bank/Macy's<br>xxxxxxxxxxxx6044<br>Attn: Bankruptcy<br>9111 Duke Boulevard<br>Mason, OH 45040 |
| Capital One<br>xxxxxxxxxxxx1406<br>Attn: Bankruptcy<br>PO Box 30285<br>Salt Lake City, UT 84130 | Comenity Bank/Express<br>xxxxx2988<br>Attn: Bankruptcy<br>PO Box 182125<br>Columbus, OH 43218 | Deptartment Store National Bank/Macy's<br>xxxxxxxxxxxx0735<br>Attn: Bankruptcy<br>9111 Duke Boulevard<br>Mason, OH 45040 |

Case No: 20-40479
Debtor(s): **Ranjit Kaur**

---

Dillards Card Services/Wells Fargo
Bank
xxxxxxxxxxxx7825
Attn: Bankruptcy
PO Box 10347
Des Moines, IA 50306

Discover Financial
xxxxxxxxxxxx0216
Attn: Bankruptcy Department
PO Box 15316
Wilmington, DE 19850

Discover Financial
xxxxxxxxxxxx9544
Attn: Bankruptcy Department
PO Box 15316
Wilmington, DE 19850

Diversified Consultants
PO Box 551268
Jacksonville, FL 32255

ERC Enhanced Recovery Corp
8014 Bayberry Road
Jacksonville, FL 32256

FHA Single Family Loan Mtg -
US Dept of Housing & Urban HUD
801 Cherry St Unit 45
Fort Worth, TX 76102-6882

First PREMIER Bank
xxxxxxxxxxxx2233
Attn: Bankruptcy
PO Box 5524
Sioux Falls, SD 57117

IRS
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

IRS- Special Procedures Staff
Bankruptcy: Mail Code 502DAL
1100 Commerce Street RM 9a20
Dallas, TX 75242

JPMorgan Chase Bank
PO Box 29505 AZi1191
Phoenix, AZ 85038

Kohls/Capital One
xxxxxxxxxxxx6274
Attn: Credit Administrator
PO Box 3043
Milwaukee, WI 53201

Midland Funding
xxxxxx0394
Attn: Bankruptcy
350 Camino De La Reine Ste 100
San Diego, CA 92108

Midland Funding
xxxxxx0124
Attn: Bankruptcy
350 Camino De La Reine Ste 100
San Diego, CA 92108

Midland Funding
xxxxxx1239
Attn: Bankruptcy
350 Camino De La Reine Ste 100
San Diego, CA 92108

Nebraska Furniture Mart
PO Box 2335
Omaha, NE 68103

NPRTO Texas LLC
256 West Data Drive
Draper, UT 84020

Portfolio Recovery
xxxxxxxxxxxx9132
Attn: Bankruptcy
120 Corporate Blvd
Norfold, VA 23502

Portfolio Recovery
xxxxxxxxxxxx4532
Attn: Bankruptcy
120 Corporate Blvd
Norfold, VA 23502

Quantum 3 Group
Moma Funding LLC
PO Box 788
Kirkland, WA 98083

Ranjit Kaur
1511 Evelyne Court
Wylie, TX 75098

Remex Inc
xxx9187
Attn: Bankruptcy
307 Wall St.
Princeton, NJ 08540

Santander Consumer USA
xxxxxxxxxxxxx1000
Attn: Bankruptcy
10-64-38-FD7 601 Penn St
Reading, PA 19601

Sprint
PO Box 7949
Overland Park, KS 66207

Stearns Bank National Assoc
2499 Rice St Ste 245
Saint Paul, MN 55113

Case No:  20-40479
Debtor(s):  **Ranjit Kaur**

---

Syncb/Toys R Us
xxxxxxxxxxxx2429
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896

Synchrony Bank
xxxxxxxxxxxx6982
Attn: Bankruptcy Dept
PO Box 965060
Orlando, FL 32896

Synchrony Bank/ JC Penneys
xxxxxxxxxxxx7271
Attn: Bankruptcy
PO Box 956060
Orlando, FL 32896

Synchrony Bank/ Old Navy
xxxxxxxxxxxx2645
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896

Synchrony Bank/PayPal Cr
xxxxxxxxxxxx1381
Attn: Bankruptcy Dept
PO Box 965060
Orlando, FL 32896

Synchrony Bank/Sams
xxxxxxxxxxxx3275
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896

Synchrony Bank/Sams Club
xxxxxxxxxxxx7738
Attn: Bankruptcy Dept
PO Box 965060
Orlando, FL 32896

Synchrony Bank/TJX
xxxxxxxxxxxx2005
Attn: Bankruptcy
PO Box 965064
Orlando, FL 32896

T-Mobile Bankruptcy Team
PO Box 53410
Bellevue, WA 98015-53410

Target
xxxxxxxxxxxx9630
c/o Financial & Retail Srvs
Mailstop BT POB 9475
Minneapolis, MN 55440

Tcc Credit Union
xxxxxx0001
10103 Shoreview Rd
Dallas, TX 75238

Texas Dow Employees Credit Union
xxxxx6874
Attn: Bankruptcy
1001 FM 2004
Lake Jackson, TX 77566

Tim Truman
6851 NE Loop 820 Ste 300
NR Hills, TX 76180

US Dept. of Hud - Title 1
52 Corporate Circle
Albany, NY 12203-5121

Veterans Adm. Dept of Veteran's
Affairs
Regional Office Finance Sec. (24)
One Veterans Plaza
701 Clay Avenue
Waco, TX 76799-0001

Weinstein & Riley
2001 Western Ave #400
Seattle, WA 98121

Wells Fargo Bank NA
xxxxxx4139
1 Home Campus
MAC X2303-01A
Des Moines, IA 50328

Wells Fargo Home Mortgage
xxxxxxxxx1478
Attn: Written
Correspondence/Bankruptcy
MAC#2302-04E POB 10335
Des Moines, IA 50306

Wylie ISD
Perdue Brandon Fielder
500 East Border St Ste 640
Arlington, TX 76010

**Richard M. Weaver & Associates**
5601 Airport Freeway
Fort Worth, TX 76117

Bar Number: **21010820**
Phone: **(817) 222-1108**

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**
Revised 10/1/2016

IN RE: **Ranjit Kaur**  xxx-xx-6391  §  CASE NO: **20-40479**
    1511 Evelyne Court  §
    Wylie, TX 75098  §
    §
    §

            Debtor(s)

## AUTHORIZATION FOR ADEQUATE PROTECTION DISBURSEMENTS    DATED: **2/11/2020**

The undersigned Debtor(s) hereby request that payments received by the Trustee prior to confirmation be disbursed as indicated below:

| | | |
|---|---:|---:|
| Periodic Payment Amount | | **$4,550.00** |
| Disbursements | First (1) | Second (2) (Other) |
| Account Balance Reserve | $5.00 | $5.00 carried forward |
| Trustee Percentage Fee | $454.50 | $455.00 |
| Filing Fee | $0.00 | $0.00 |
| Noticing Fee | $65.10 | $0.00 |
| **Subtotal Expenses/Fees** | **$524.60** | **$455.00** |
| Available for payment of Adequate Protection, Attorney Fees and Current Post-Petition Mortgage Payments: | **$4,025.40** | **$4,095.00** |

**CREDITORS SECURED BY VEHICLES (CAR CREDITORS):**

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|---|---|---|---|---|---|
| | | | | | |

Total Adequate Protection Payments for Creditors Secured by Vehicles:    <b>$0.00</b>

**CURRENT POST-PETITION MORTGAGE PAYMENTS (CONDUIT):**

| Name | Collateral | Start Date | Scheduled Amount | Value of Collateral | Payment Amount |
|---|---|---|---|---|---|
| Wells Fargo Bank NA | Homestead | 5/1/2020 | $295,453.00 | $387,577.00 | $2,922.99 |

Payments for Current Post-Petition Mortgage Payments (Conduit):    <b>$2,922.99</b>

*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300.*

Case No., 20-40479
Debtor(s): Ranjit Kaur

## CREDITORS SECURED BY COLLATERAL OTHER THAN A VEHICLE:

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|------|-----------|------------------|---------------------|-------------------------------|------------------------------------|
| Total Adequate Protection Payments for Creditors Secured by Collateral other than a vehicle: | | | | | **$0.00** |

### TOTAL PRE-CONFIRMATION PAYMENTS

**First Month Disbursement (after payment of Clerk's Filing Fee, any Noticing Fee, Chapter 13 Trustee Percentage Fee, and retention of the Account Balance Reserve):**

| | |
|---|---|
| Current Post-Petition Mortgage Payments (Conduit payments), per mo: | **$0.00** |
| Adequate Protection to Creditors Secured by Vehicles ("Car Creditor"), per mo: | **$0.00** |
| Debtor's Attorney, per mo: | **$2,150.01** |
| Adequate Protection to Creditors Secured by other than a Vehicle, per mo: | **$0.00** |

**Disbursements starting month 2 (after payment of Clerk's Filing Fee, any Noticing Fee, Chapter 13 Trustee Percentage Fee, and retention of the Account Balance Reserve):**

| | |
|---|---|
| Current Post-Petition Mortgage Payments (Conduit payments), per mo: | **$2,922.99** |
| Adequate Protection to Creditors Secured by Vehicles ("Car Creditor"), per mo: | **$0.00** |
| Debtor's Attorney, per mo: | **$0.00** |
| Adequate Protection to Creditors Secured by other than a Vehicle, per mo: | **$0.00** |

**Order of Payment:**

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 Trustee prior to entry of an order confirming the Chapter 13 Plan will be paid in the order set out above. All disbursements which are in a specified monthly amount are referred to as "per mo". At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on the per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment. Other than the Current Post-Petition Mortgage Payments, the principal balance owing upon confirmation of the Plan on the allowed secured claim shall be reduced by the total of adequate protection payments, less any interest (if applicable), paid to the creditor by the Trustee.

DATED: __2/11/2020_____

**/s/ Richard Weaver**_____
Attorney for Debtor(s)

**/s/ Ranjit Kaur**_____
Debtor

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

IN RE: **Ranjit Kaur** _____

Debtor

CASE NO. **20-40479**

_____

Joint Debtor

CHAPTER **13**

### CERTIFICATE OF SERVICE

_____

    I, the undersigned, hereby certify that on February 11, 2020, a copy of the attached Chapter 13 Plan, with any attachments, was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).

**/s/ Richard Weaver** _____
Richard Weaver
Bar ID:21010820
Richard M. Weaver & Associates
5601 Airport Freeway
Fort Worth, TX 76117
(817) 222-1108

_____

| | | |
|---|---|---|
| Americollect<br>xxxx5725<br>PO Box 1566<br>1851 South Alverno Road<br>Manitowoc, WI 54221 | Barrett Daffin Frappier Turner & Engle L<br>4004 Belt Line Rd Suite 100<br>Addison, TX 75001 | Citibank/The Home Depot<br>xxxxxxxxxxxx9135<br>Citicorp Credit Srvs/Centralized Bk dept<br>PO Box 790034<br>St Louis, MO 63179 |
| Amex<br>xxxxxxxxxxxx4293<br>Correspondence/Bankruptcy<br>PO Box 981540<br>El Paso, TX 79998 | Capital One<br>xxxxxxxxxxxx1406<br>Attn: Bankruptcy<br>PO Box 30285<br>Salt Lake City, UT 84130 | City of Wylie<br>Linebarger Goggan Blair & Sampson<br>2777 N Stemmons Frwy Ste 1000<br>Dallas, TX 75207 |
| Amex/Bankruptcy<br>xxxxxxxxxxxx8339<br>Correspondence/Bankruptcy<br>PO Box 981540<br>El Paso, TX 79998 | Chase Auto Finance<br>xxxxxxxxxx1506<br>Attn: Bankruptcy<br>PO Box 901076<br>Fort Worth, TX 76101 | Collin County Tax Assessor<br>1700 Bedbud Blvd Ste 300<br>McKinney, TX 75069 |
| Attorney General of Texas<br>Bankruptcy Section<br>400 S Zang Blvd Ste 500<br>Dallas, TX 75208-6640 | Chase Card Services<br>xxxxxxxxxxxx9700<br>Attn: Bankruptcy<br>PO Box 15298<br>Wilmington, DE 19850 | Comenity Bank/Express<br>xxxxx2988<br>Attn: Bankruptcy<br>PO Box 182125<br>Columbus, OH 43218 |

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

IN RE: **Ranjit Kaur**
_____
Debtor

CASE NO. **20-40479**

_____
Joint Debtor

CHAPTER **13**

## CERTIFICATE OF SERVICE
(Continuation Sheet #1)

---

Conns HomePlus
xxxxx7036
Attn: Bankruptcy
2445 Technology Forest Blvd, Bldg 4, Ste
The Woodlands, TX 77381

Discover Financial
xxxxxxxxxxxx0216
Attn: Bankruptcy Department
PO Box 15316
Wilmington, DE 19850

IRS- Special Procedures Staff
Bankruptcy: Mail Code 502DAL
1100 Commerce Street RM 9a20
Dallas, TX 75242

Credit First National Association
xxxxx5744
Attn: Bankruptcy
PO Box 81315
Cleveland, OH 44181

Discover Financial
xxxxxxxxxxxx9544
Attn: Bankruptcy Department
PO Box 15316
Wilmington, DE 19850

JPMorgan Chase Bank
PO Box 29505 AZi1191
Phoenix, AZ 85038

Credit Management Control
xxxx0255
Attn: Bankruptcy
PO Box 1654
Green Bay, WI 54305

Diversified Consultants
PO Box 551268
Jacksonville, FL 32255

Kohls/Capital One
xxxxxxxxxxxx6274
Attn: Credit Administrator
PO Box 3043
Milwaukee, WI 53201

Deptartment Store National
Bank/Macy's
xxxxxxxxx3720
Attn: Bankruptcy
9111 Duke Boulevard
Mason, OH 45040

ERC Enhanced Recovery Corp
8014 Bayberry Road
Jacksonville, FL 32256

Midland Funding
xxxxxx0394
Attn: Bankruptcy
350 Camino De La Reine  Ste 100
San Diego, CA 92108

Deptartment Store National
Bank/Macy's
xxxxxxxxxxxx6044
Attn: Bankruptcy
9111 Duke Boulevard
Mason, OH 45040

FHA Single Family Loan Mtg -
US Dept of Housing & Urban HUD
801 Cherry St Unit 45
Fort Worth, TX  76102-6882

Midland Funding
xxxxxx0124
Attn: Bankruptcy
350 Camino De La Reine  Ste 100
San Diego, CA 92108

Deptartment Store National
Bank/Macy's
xxxxxxxxxxxx0735
Attn: Bankruptcy
9111 Duke Boulevard
Mason, OH 45040

First PREMIER Bank
xxxxxxxxxxxx2233
Attn: Bankruptcy
PO Box 5524
Sioux Falls, SD 57117

Midland Funding
xxxxxx1239
Attn: Bankruptcy
350 Camino De La Reine  Ste 100
San Diego, CA 92108

Dillards Card Services/Wells Fargo
Bank
xxxxxxxxxxxx7825
Attn: Bankruptcy
PO Box 10347
Des Moines, IA 50306

IRS
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA  19101-7346

Nebraska Furniture Mart
PO Box 2335
Omaha, NE 68103

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

IN RE: **Ranjit Kaur** _____

CASE NO. **20-40479**

_Debtor_

_____

_Joint Debtor_

CHAPTER **13**

## CERTIFICATE OF SERVICE
### (Continuation Sheet #2)

| | | |
|---|---|---|
| NPRTO Texas LLC<br>256 West Data Drive<br>Draper, UT 84020 | Sprint<br>PO Box 7949<br>Overland Park, KS 66207 | Synchrony Bank/Sams<br>xxxxxxxxxxxx3275<br>Attn: Bankruptcy<br>PO Box 965060<br>Orlando, FL 32896 |
| Portfolio Recovery<br>xxxxxxxxxxxx9132<br>Attn: Bankruptcy<br>120 Corporate Blvd<br>Norfold, VA 23502 | Stearns Bank National Assoc<br>2499 Rice St Ste 245<br>Saint Paul, MN 55113 | Synchrony Bank/Sams Club<br>xxxxxxxxxxxx7738<br>Attn: Bankruptcy Dept<br>PO Box 965060<br>Orlando, FL 32896 |
| Portfolio Recovery<br>xxxxxxxxxxxx4532<br>Attn: Bankruptcy<br>120 Corporate Blvd<br>Norfold, VA 23502 | Syncb/Toys R Us<br>xxxxxxxxxxxx2429<br>Attn: Bankruptcy<br>PO Box 965060<br>Orlando, FL 32896 | Synchrony Bank/TJX<br>xxxxxxxxxxxx2005<br>Attn: Bankruptcy<br>PO Box 965064<br>Orlando, FL 32896 |
| Quantum 3 Group<br>Moma Funding LLC<br>PO Box 788<br>Kirkland, WA 98083 | Synchrony Bank<br>xxxxxxxxxxxx6982<br>Attn: Bankruptcy Dept<br>PO Box 965060<br>Orlando, FL 32896 | T-Mobile Bankruptcy Team<br>PO Box 53410<br>Bellevue, WA 98015-53410 |
| Ranjit Kaur<br>1511 Evelyne Court<br>Wylie, TX 75098 | Synchrony Bank/ JC Penneys<br>xxxxxxxxxxxx7271<br>Attn: Bankruptcy<br>PO Box 956060<br>Orlando, FL 32896 | Target<br>xxxxxxxxxxxx9630<br>c/o Financial & Retail Srvs<br>Mailstop BT POB 9475<br>Minneapolis, MN 55440 |
| Remex Inc<br>xxx9187<br>Attn: Bankruptcy<br>307 Wall St.<br>Princeton, NJ 08540 | Synchrony Bank/ Old Navy<br>xxxxxxxxxxxx2645<br>Attn: Bankruptcy<br>PO Box 965060<br>Orlando, FL 32896 | Tcc Credit Union<br>xxxxxx0001<br>10103 Shoreview Rd<br>Dallas, TX 75238 |
| Santander Consumer USA<br>xxxxxxxxxxxx1000<br>Attn: Bankruptcy<br>10-64-38-FD7   601 Penn St<br>Reading, PA 19601 | Synchrony Bank/PayPal Cr<br>xxxxxxxxxxxx1381<br>Attn: Bankruptcy Dept<br>PO Box 965060<br>Orlando, FL 32896 | Texas Dow Employees Credit Union<br>xxxxx6874<br>Attn: Bankruptcy<br>1001 FM 2004<br>Lake Jackson, TX 77566 |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

IN RE:  **Ranjit Kaur**                                    CASE NO.    **20-40479**

_____
*Debtor*

                                                          CHAPTER    **13**

_____
*Joint Debtor*

## CERTIFICATE OF SERVICE

(Continuation Sheet #3)

Tim Truman
6851 NE Loop 820 Ste 300
NR Hills, TX  76180


US Dept. of Hud - Title 1
52 Corporate Circle
Albany, NY  12203-5121


Veterans Adm. Dept of Veteran's Affairs
Regional Office Finance Sec. (24)
One Veterans Plaza
701 Clay Avenue
Waco, TX  76799-0001


Weinstein & Riley
2001 Western Ave #400
Seattle, WA 98121


Wells Fargo Bank NA
xxxxxx4139
1 Home Campus
MAC X2303-01A
Des Moines, IA 50328


Wells Fargo Home Mortgage
xxxxxxxxx1478
Attn: Written
Correspondence/Bankruptcy
MAC#2302-04E POB 10335
Des Moines, IA 50306

Wylie ISD
Perdue Brandon Fielder
500 East Border St Ste 640
Arlington, TX 76010

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

IN RE:  **Ranjit Kaur**

CASE NO.  **20-40479**

CHAPTER  **13**

## Certificate of Service

I, the undersigned hereby certify that a copy of the foregoing Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines was served upon the following parties of interest via 1st class mail.

Date:  **2/11/2020**

**/s/ Richard Weaver**
**Richard Weaver**
Attorney for the Debtor(s)

Americollect
PO Box 1566
1851 South Alverno Road
Manitowoc, WI 54221

Capital One
Attn: Bankruptcy
PO Box 30285
Salt Lake City, UT 84130

Collin County Tax Assessor
1700 Bedbud Blvd Ste 300
McKinney, TX 75069

Amex
Correspondence/Bankruptcy
PO Box 981540
El Paso, TX 79998

Chase Auto Finance
Attn: Bankruptcy
PO Box 901076
Fort Worth, TX 76101

Comenity Bank/Express
Attn: Bankruptcy
PO Box 182125
Columbus, OH 43218

Amex/Bankruptcy
Correspondence/Bankruptcy
PO Box 981540
El Paso, TX 79998

Chase Card Services
Attn: Bankruptcy
PO Box 15298
Wilmington, DE 19850

Conns HomePlus
Attn: Bankruptcy
2445 Technology Forest Blvd, Bldg 4, Ste
The Woodlands, TX 77381

Attorney General of Texas
Bankruptcy Section
400 S Zang Blvd Ste 500
Dallas, TX  75208-6640

Citibank/The Home Depot
Citicorp Credit Srvs/Centralized Bk dept
PO Box 790034
St Louis, MO 63179

Credit First National Association
Attn: Bankruptcy
PO Box 81315
Cleveland, OH 44181

Barrett Daffin Frappier Turner & Engle L
4004 Belt Line Rd Suite 100
Addison, TX 75001

City of Wylie
Linebarger Goggan Blair & Sampson
2777 N Stemmons Frwy Ste 1000
Dallas, TX 75207

Credit Management Control
Attn: Bankruptcy
PO Box 1654
Green Bay, WI 54305

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

IN RE:  **Ranjit Kaur**

CASE NO.  **20-40479**

CHAPTER  **13**

## Certificate of Service

(Continuation Sheet #1)

---

| | | |
|---|---|---|
| Deptartment Store National Bank/Macy's<br>Attn: Bankruptcy<br>9111 Duke Boulevard<br>Mason, OH 45040 | ERC Enhanced Recovery Corp<br>8014 Bayberry Road<br>Jacksonville, FL 32256 | Midland Funding<br>Attn: Bankruptcy<br>350 Camino De La Reine  Ste 100<br>San Diego, CA 92108 |
| Deptartment Store National Bank/Macy's<br>Attn: Bankruptcy<br>9111 Duke Boulevard<br>Mason, OH 45040 | FHA Single Family Loan Mtg -<br>US Dept of Housing & Urban HUD<br>801 Cherry St Unit 45<br>Fort Worth, TX  76102-6882 | Midland Funding<br>Attn: Bankruptcy<br>350 Camino De La Reine  Ste 100<br>San Diego, CA 92108 |
| Deptartment Store National Bank/Macy's<br>Attn: Bankruptcy<br>9111 Duke Boulevard<br>Mason, OH 45040 | First PREMIER Bank<br>Attn: Bankruptcy<br>PO Box 5524<br>Sioux Falls, SD 57117 | Midland Funding<br>Attn: Bankruptcy<br>350 Camino De La Reine  Ste 100<br>San Diego, CA 92108 |
| Dillards Card Services/Wells Fargo Bank<br>Attn: Bankruptcy<br>PO Box 10347<br>Des Moines, IA 50306 | IRS<br>Centralized Insolvency Operations<br>PO Box 7346<br>Philadelphia, PA  19101-7346 | Nebraska Furniture Mart<br>PO Box 2335<br>Omaha, NE 68103 |
| Discover Financial<br>Attn: Bankruptcy Department<br>PO Box 15316<br>Wilmington, DE 19850 | IRS- Special Procedures Staff<br>Bankruptcy: Mail Code 502DAL<br>1100 Commerce Street RM 9a20<br>Dallas, TX 75242 | NPRTO Texas LLC<br>256 West Data Drive<br>Draper, UT 84020 |
| Discover Financial<br>Attn: Bankruptcy Department<br>PO Box 15316<br>Wilmington, DE 19850 | JPMorgan Chase Bank<br>PO Box 29505 AZi1191<br>Phoenix, AZ 85038 | Portfolio Recovery<br>Attn: Bankruptcy<br>120 Corporate Blvd<br>Norfold, VA 23502 |
| Diversified Consultants<br>PO Box 551268<br>Jacksonville, FL  32255 | Kohls/Capital One<br>Attn: Credit Administrator<br>PO Box 3043<br>Milwaukee, WI 53201 | Portfolio Recovery<br>Attn: Bankruptcy<br>120 Corporate Blvd<br>Norfold, VA 23502 |

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

IN RE:  **Ranjit Kaur**

CASE NO.  **20-40479**

CHAPTER  **13**

## Certificate of Service

(Continuation Sheet #2)

| | | |
|---|---|---|
| Quantum 3 Group<br>Moma Funding LLC<br>PO Box 788<br>Kirkland, WA 98083 | Synchrony Bank<br>Attn:  Bankruptcy Dept<br>PO Box 965060<br>Orlando, FL 32896 | T-Mobile Bankruptcy Team<br>PO Box 53410<br>Bellevue, WA  98015-53410 |
| Remex Inc<br>Attn: Bankruptcy<br>307 Wall St.<br>Princeton, NJ 08540 | Synchrony Bank/ JC Penneys<br>Attn: Bankruptcy<br>PO Box 956060<br>Orlando, FL 32896 | Target<br>c/o Financial & Retail Srvs<br>Mailstop BT POB 9475<br>Minneapolis, MN 55440 |
| Richard M. Weaver & Associates<br>5601 Airport Freeway<br>Fort Worth, TX 76117 | Synchrony Bank/ Old Navy<br>Attn: Bankruptcy<br>PO Box 965060<br>Orlando, FL 32896 | Tcc Credit Union<br>10103 Shoreview Rd<br>Dallas, TX 75238 |
| Santander Consumer USA<br>Attn: Bankruptcy<br>10-64-38-FD7  601 Penn St<br>Reading, PA 19601 | Synchrony Bank/PayPal Cr<br>Attn: Bankruptcy Dept<br>PO Box 965060<br>Orlando, FL 32896 | Texas Dow Employees Credit Union<br>Attn: Bankruptcy<br>1001 FM 2004<br>Lake Jackson, TX 77566 |
| Sprint<br>PO Box 7949<br>Overland Park, KS 66207 | Synchrony Bank/Sams<br>Attn: Bankruptcy<br>PO Box 965060<br>Orlando, FL 32896 | Tim Truman<br>6851 NE Loop 820 Ste 300<br>NR Hills, TX  76180 |
| Stearns Bank National Assoc<br>2499 Rice St Ste 245<br>Saint Paul, MN 55113 | Synchrony Bank/Sams Club<br>Attn:  Bankruptcy Dept<br>PO Box 965060<br>Orlando, FL 32896 | US Dept. of Hud - Title 1<br>52 Corporate Circle<br>Albany, NY  12203-5121 |
| Syncb/Toys R Us<br>Attn: Bankruptcy<br>PO Box 965060<br>Orlando, FL 32896 | Synchrony Bank/TJX<br>Attn:  Bankruptcy<br>PO Box 965064<br>Orlando, FL 32896 | Veterans Adm. Dept of Veteran's Affairs<br>Regional Office Finance Sec. (24)<br>One Veterans Plaza<br>701 Clay Avenue<br>Waco, TX  76799-0001 |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

IN RE:  **Ranjit Kaur**

CASE NO.  **20-40479**

CHAPTER  **13**

### Certificate of Service

(Continuation Sheet #3)

Weinstein & Riley
2001 Western Ave #400
Seattle, WA 98121


Wells Fargo Bank NA
1 Home Campus
MAC X2303-01A
Des Moines, IA 50328


Wells Fargo Bank NA
1 Home Campus
MAC X2303-01A
Des Moines, IA 50328


Wells Fargo Bank NA
1 Home Campus
MAC X2303-01A
Des Moines, IA 50328


Wells Fargo Home Mortgage
Attn: Written
Correspondence/Bankruptcy
MAC#2302-04E POB 10335
Des Moines, IA 50306


Wylie ISD
Perdue Brandon Fielder
500 East Border St Ste 640
Arlington, TX 76010